UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. FELIX, | : | VIOLATIONS: 18 U.S.C. §924(c)(1) |
| | : | (Using, Carrying and Possessing a Firearm |
| Defendant. | : | During a Drug Trafficking Offense |
| | : | Distribute); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Cocaine Base) |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
<u>MOTION TO SEAL AND ALL RELATED MATTERS</u>**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters.  In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to the information charging the defendant with Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18, United States Code, Sections 924(c)(1).  A copy of the criminal information is attached hereto as Exhibit A.  After the defendant pleads guilty to Count One, the government will dismiss Count Two of the Information.

The sealing is necessary because the attached Information, plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of the

defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this district, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence.  Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates.  It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent

bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Ms. Nancy Allen, Esquire, has been advised of the contents of this motion and has informed the undersigned prosecutor of her support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

        Respectfully submitted,
        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        Bar No. 451-058

        _____
By:  PERHAM GORJI
      ASSISTANT U.S. ATTORNEY
      Delaware Bar No. 3737
      Federal Major Crimes Section
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 353-8822
      perham.gorji@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of this motion has been served by hand upon counsel of record for the defendant, Nancy E. Allen, Esq., 2804 Shepherd Street, Mt. Rainier, MD 20712, this ___ day of July, 2006.

 

_____
Assistant United States Attorney

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| **RICHARD A. FELIX,** | : | VIOLATIONS: 18 U.S.C. §924(c)(1) |
| | : | (Using, Carrying and Possessing a Firearm |
| Defendant. | : | During a Drug Trafficking Offense |
| | : | Distribute); |
| | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Cocaine Base) |

### I N F O R M A T I O N

The United States Attorney charges that:

### COUNT ONE

On or about December 15, 2005, within the District of Columbia, **RICHARD A. FELIX**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is Count Two of this Information which is incorporated herein, a firearm, that is a Taurus .38 caliber handgun.

(**Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1))

### COUNT TWO

On or about December 15, 2005, within the District of Columbia, **RICHARD A. FELIX**,

did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

    (**Unlawful Possession with Intent to Distribute Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))


    KENNETH L. WAINSTEIN
    Attorney of the United States in
    and for the District of Columbia
    Bar No. 451-058


BY: _____
    PERHAM GORJI
    Assistant United States Attorney
    Federal Major Crimes Section
    555 4th Street, N.W. Room 4233
    Washington, D.C. 20530
    (202) 353-8822